# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RONALD KUIPER and CONLEY KUIPER, | |
| Plaintiffs, | No. C06-4009-MWB |
| vs. | **ORDER** |
| INTERNATIONAL FLAVORS & FRAGRANCES, INC.; GIVAUDAN FLAVORS CORP.; FLAVORS OF NORTH AMERICA, INC.; SENSIENT FLAVORS, INC.; THE FLAVORS AND EXTRACT MANUFACTURERS ASSOCIATION OF THE UNITED STATES; and THE ROBERTS GROUP LLC, | |
| Defendants | |

_____

This matter is before the court on the plaintiffs' motion (Doc. No. 79) to amend their Complaint. The defendants have resisted the motion. (Doc. Nos. 80, 81, 82, 83 & 84) Count II of the plaintiffs' Complaint asserts a cause of action for fraudulent concealment. The plaintiffs seek to add a new paragraph in Count II to assert that the plaintiff "reasonably and detrimentally relied" on the defendants' alleged fraudulent concealment. The plaintiffs' motion for leave to amend is timely pursuant to the Scheduling Order, and they argue the defendants will not be prejudiced because discovery in the case is in the early stages.

The defendants argue the proposed amendment is futile. Citing, *inter alia*, Chief Judge Bennett's decision in *Remmes v. International Flavors & Fragrances, Inc.*, ___ F. Supp. 2d ___, 2006 WL 2728969 at *14 (N.D. Iowa Sept. 26, 2006), the defendants argue the plaintiffs have failed to allege detrimental reliance with sufficient particularity to meet the heightened pleading requirements of Rule 9(b), Federal Rules of Civil Procedure. The

Rule requires all allegations of fraud to state, with particularity, the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). Notably, as Chief Judge Bennett observed, Rule 9(6) does not require that fraud be pled with absolute particularity. *Remmes* at *13 (citing 5A Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298 (2004)). However, "[r]easonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud, . . . and such reliance must be pleaded with particularity." *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987) (internal citation omitted). *Accord Remmes* at *13-14, and cases cited therein.

Here, the plaintiffs' proposed amendment fails to contain factual allegations to support their claim that the plaintiff Ronald Kuiper's reliance on the defendants' allegedly fraudulent concealment, and his conduct based on such reliance, were reasonable. The proposed amendment fails to provide sufficient information to allow the defendants to prepare a defense to the claim.

The defendants further argue the plaintiffs have had nearly two years of discovery in related cases, including *Remmes*, yet their proposed Second Amended Complaint still fails to cure pleading defects present in both their original Complaint and their First Amended Complaint. The defendants argue the plaintiffs persist in failing to plead fraud with sufficient particularity. In addition, the defendants argue the plaintiffs' pleading is defective because the plaintiffs continue to refer to the defendants as a group, rather than making specific allegations as to each defendant.

The court is mindful that fraudulent concealment is "difficult to plead with particularity." *Remmes*, 2006 WL 2728959 at *13 (citing *Bear Hollow, L.L.C. v. Moberk, L.L.C.*, 2006 WL 1642126 at *4 (W.D.N.C. 2006); *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 202 (M.D.N.C. 1997)). Nevertheless, to allege fraudulent concealment with sufficient particularity, a plaintiff generally must allege, *inter alia*, why the plaintiff's

2

reliance on the allegedly fraudulent concealment was both reasonable and detrimental. *Id.* (citing *Breeden*, 171 F.R.D. at 202). The plaintiffs' proposed amendment sets forth only a conclusory allegation that fails to meet the particularity required for a claim of reasonable and detrimental reliance.

For these reasons, the plaintiffs' motion for leave to amend their Complaint is **denied**.

**IT IS SO ORDERED.**

**DATED** this 28th day of November, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT