IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD AND CONLEY KUIPER, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. C06-4009-DEO |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | REPLY BRIEF IN SUPPORT |
| | ) | OF PLAINTIFFS' MOTION |
| INTERNATIONAL FLAVORS & | ) | TO COMPEL |
| FRAGRANCES, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs have made proper attempts to obtain prior admissions of Defendant FONA and of its employee, Larry Wadsworth. Defendant FONA has refused to produce either transcript under what appears to be a false claim of confidentiality.

FONA twice represented to plaintiffs and this Court that the transcripts sought by this Motion to Compel (FONA designee Terry Emmel and former FONA employee Larry Wadsworth) were designated as "confidential" in the *Bowling* case – first in Mr. Lee's letter of March 14, 2007, and then FONA's Opposition filed on April 16, 2007.

Plaintiffs have reason to believe, however, that the Terry Emmel deposition was not designated confidential pursuant to the terms of the protective order and that no attempt was made to make it confidential until after plaintiffs made the request, possibly not even until after this motion was filed. This Court should inquire into FONA's prior representations regarding "confidentiality" at the May 1, 2007 hearing. For the reasons that follow, plaintiffs' Motion to Compel should be granted.

## I. FONA's Improper Claim of Confidentiality

1. Terry Emmel, a FONA representative, was deposed in a popcorn lung case – *Bowling v. FONA, et. al.* – in December of 2006, a matter in which, like this case, the injured persons claim to have been exposed to hazardous chemicals from FONA butter flavor.

2. The Protective Order in *Bowling* requires that deposition transcripts be designated as "confidential" within thirty (30) days upon receipt. (*See* Ex. 7 to Plaintiffs' Motion to Compel at ¶ 7.)

3. Upon information and belief, the deposition was sent out in January 2007.

4. The Emmel deposition transcript was not designated as confidential at the time of his deposition. (*See* Affidavit of Christopher R. Miller at ¶ 2, attached as Ex. 1.)

5. On March 4, 2007, Counsel for FONA represented to this Court that the Wadsworth and the Emmel depositions were designated "confidential." (*See* Ex. 4 to Plaintiffs' Suggestions in Support of Motion to Compel.)

6. On April 16, 2007, FONA filed its Opposition and, once again, represented to this Court that the Wadsworth and Emmel depositions were designated "confidential." FONA did not provide to the Court or to plaintiffs proof of the designation or provide to the Court a copy of the transcript to review in camera.

7. Upon receiving FONA's Opposition – the very same day – plaintiffs' counsel requested FONA's counsel to identify the portion of the deposition deemed confidential. (*See* email from Steve Crick to Ronald Lee dated 4/16/07, attached as Exhibit 2.) Counsel for FONA made numerous promises to provide the same, but has never done so.

8. On April 18, 2007, counsel for plaintiffs spoke with Fran Lucente. Ms. Lucente was

the court reporter for the Emmel deposition in December of 2006. Ms. Lucente informed plaintiffs' counsel that she did not believe the Emmel deposition was designated confidential in December of 2006. Ms. Lucente also informed counsel that within the last couple of days, someone called her employer, McCorkle Court Reporters, and asked that Ms. Lucente mark the front page of the Emmel deposition "confidential." (*See* Ex. 1 at ¶¶ 1-3.)

9. On April 18, 2007, plaintiffs' counsel again requested that FONA show some proof that the deposition transcripts were designated "confidential." (*See* email from Steve Crick to Ronald Lee dated 4/18/07, attached as Exhibit 3.) Again, counsel did not receive a response from FONA.

10. On the morning of April 20, 2007, plaintiffs' counsel spoke with Al Gorski of McCorkle Court Reporters, who informed counsel that FONA's counsel sent McCorkle a copy of the protective order sometime during the week of April 16, 2007. Counsel did not ask for a copy of the Emmel deposition transcript, but did request a copy of the recent cover letter. (*See* Ex. 1 at ¶ 4.)

11. In the afternoon of April 20, 2007, plaintiffs' counsel again spoke with Mr. Gorski. He informed counsel that the office of Roetzel & Andress instructed him not to provide counsel's office with a copy of the cover letter unless given permission by FONA's counsel. (*See* Ex. 1 at ¶ 5.)

## II. **FONA's discovery abuses must stop now**

The above facts demonstrate FONA has violated the spirit of discovery, and call into question FONA's veracity with this Court. FONA has failed to provide this Court with any evidence that FONA actually designated these transcripts as confidential. A single piece of paper indicating

the depositions were designated "confidential" within thirty (30) days of receipt of the transcripts would be, presumably, a very easy task. Yet, FONA refuses to offer up such documentation to plaintiffs or the Court.

Even assuming, despite all evidence to the contrary, FONA designated these transcripts as confidential, FONA fails to inform the Court if the entire transcripts are "confidential." If the entire transcript was marked "confidential", it is highly unlikely that every word in the transcript involves proprietary information. Conversely, if only sections of the transcripts are designated as confidential, FONA should be compelled to produce the "non-confidential" portion of the transcripts.

Moreover, FONA claims that it will cross notice the Emmel deposition in every case in which counsel for plaintiffs have named FONA. This includes a Missouri case in which the plaintiffs and a wrongful death decedent worked at the same Gilster Mary Lee plant at which the plaintiff in *Bowling* worked. *See Fults, et. al, v. FONA, et. al.*, Case No. 06PR-CC00028-01, pending in Cape Girardeau County, Missouri. FONA's refusal to tender the depositions becomes all the more questionable.

### III. FONA routinely designates documents as "confidential" without justification

To understand FONA's undefendable position, one need only look at the larger scheme implemented by FONA (and other popcorn lung defendants) that has gone on far too long, both in this case and others across the country. FONA routinely designates documents as "confidential" without justification.

Exhibit 4 is a Material Safety Data Sheet for diacetyl created by Citrus & Allied Essences, Ltd. Material Safety Data Sheets are supposed to be readily available. Why did FONA designate

4

this document as "confidential" and "proprietary"?

Exhibit 5 is an October 11, 1990 letter to Joe Slawek of FONA from American Pop Corn Company, plaintiff's employer, asking that FONA use the proper spelling of "American Pop Corn Company." Why is FONA's grammar a "confidential" and "proprietary" matter? More important, FONA refuses to even produce Mr. Slawek for a deposition, despite many requests.

## IV. <u>Comity does not prevent this Court from ordering the transcripts produced</u>

FONA suggests "comity" requires this Court to honor the protective order issued in *Bowling*. Comity, however, is not absolute under these circumstances. *See Tucker v. Ohtsu Tire & Rubber Co., LTD*, 191 F.R.D. 495, 499-500 (D. Md. 2000). **<u>Tucker</u> is directly on point**. In *Tucker*, plaintiffs sought document production from the defendant tire maker that was produced in a similar Texas state case. *Id*. at 497. Defendants refused, citing the protective order entered in the Texas lawsuit. *Id.* The court held that, while comity is important, it is not absolute, "and courts asked to issue discovery orders in litigation pending before them also have not shied away from doing so, even when it would modify or circumvent a discovery order by another court, if under the circumstances, such a result was considered justified. *Id.* at 499-500 (citing cases). The *Tucker* holding was well reasoned.

First, the court noted that, **<u>like here</u>**, the protective order at issue was "more in the nature of an agreement between counsel that, once completed and signed, was presented to the court for its approval," leaving the court's role as "after the fact." *Id.* at 500-01 ("There is less need for deference and comity when the order involved is really an agreement by counsel approved, almost as a ministerial act, by the court, than an action directed by the court after full consideration of the merits of a fully briefed dispute.")

5

Second, the court noted that, **like here**, the discovery was sought not from the party against whom the protective order obligations apply, but instead from the source of those documents. *Id.* at 501. The court reasoned that "there is something unsettling about the notion that [defendant] might forever be insulated from producing discovery in this, or other actions, by virtue of having once produced it in a protected fashion in the [Texas] case." *Id.*

Third, the court rejected defendant's notion, **like here**, that plaintiff ought to intervene into the Texas case in order to litigate the merits of contested discovery, noting the hardships pressed upon the plaintiffs and the Texas court. *Id.* ("It is difficult to imagine why the Texas court should be asked to take time from more pressing tasks to consider, for the first time, the merits of a contested discovery dispute which it never considered in the case before it, and the outcome of which will be important only to the litigation in this court.")

Finally, the court noted that it would be "easy" to incorporate the terms and obligations from the Texas order into the protective order in the present action. *Id.* at 501-02. Again, the parties here entered into the exact same order as the parties in *Bowling* and, thus, like in *Tucker*, this Court can order plaintiffs here to abide by both the *Bowling* order and the *Kuiper* order.

## V. Conclusion

FONA's repeated and unfounded attempts to hide relevant information leave it without credibility before this Court. Based on its actions to date, plaintiffs and this Court can only presume that FONA views the shield of "confidentiality" as a self-serving devise that cannot be questioned. The facts, however, tell a different story.

The deposition transcripts of Wadsworth and Emmel were not properly or timely designated as "confidential". Additionally, the practical considerations here – similar cases and protective

6

Case 5:06-cv-04009-MWB   Document 109   Filed 04/23/07   Page 6 of 8

orders – make blanket refusals to produce indefensible. In sum, FONA must provide some evidence that the deposition transcripts were properly and timely designated "confidential". Not only has FONA failed in this regard, but its representations to this Court and plaintiffs are now suspect.

Plaintiffs respectfully request this Court enter an order granting plaintiffs' Motion to Compel and instructing FONA to produce the Wadsworth and Emmel deposition transcripts, along with exhibits, by May 3, 2007 in order to provide sufficient time to prepare for FONA depositions set for May 8, 2007.

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

By:  /s/ J'Nan Kimak Judy
    KENNETH B. McCLAIN    #32430
    STEVEN E. CRICK    #32654
    SCOTT B. HALL    #50793
    J'NAN KIMAK JUDY    #56596
    221 W. Lexington, Suite 400
    Independence, Missouri 64050
    Telephone: (816) 836-5050
    Facsimile: (816) 836-8699

SMITH AND McELWAIN LAW FIRM
    DENNIS M. McELWAIN
    505 - 5th Street, Suite 530
    P.O. Box 1194
    Sioux City, Iowa 51102
    Telephone: (712) 255-8094
    Facsimile: (712) 255-3825

DANIEL M. HOMOLKA, P.A.
    DANIEL M. HOMOLKA    ID # 136505
    2020 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402

7

Case 5:06-cv-04009-MWB   Document 109   Filed 04/23/07   Page 7 of 8

Telephone:   (612) 341-2433
             Facsimile:   (612) 341-2423

             ATTORNEYS FOR PLAINTIFF


**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically. Notice of this filling will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

    Dated this 23rd day of April, 2007.


             /s/ J'Nan Kimak Judy
             ATTORNEYS FOR PLAINTIFFS

8