# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

RONALD AND CONLEY KUIPER,

       Plaintiffs,

vs.

GIVAUDAN, INC., FLAVORS OF
NORTH AMERICA, INC., and
SENSIENT FLAVORS, INC.,

       Defendants.

No. C06-4009-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT**

_____

## I. INTRODUCTION AND BACKGROUND

On January 30, 2006, plaintiffs Ronald Kuiper and Conley Kuiper ("the Kuipers") filed their Complaint against defendants International Flavors & Fragrances, Inc. ("IFF"), Givaudan Flavors Corp. ("Givaudan"), Flavors of North America, Inc. ("FONA"), Sensient Flavors, Inc. ("Sensient"), the Flavor and Extract Manufacturers Association of the United States ("FEMA"), and the Roberts Group, L.L.C. ("TRG") alleging four causes of action. The four causes of action asserted are for negligence (Count I), fraudulent concealment (Count II), civil conspiracy (Count III), and a combined claim for loss of consortium and medical expenses (Count IV). The Complaint alleges that this court has subject matter jurisdiction by virtue of diversity of citizenship of the parties, 28 U.S.C. § 1332. Defendants Givaudan, FONA, and Sensient each subsequently filed motions to dismiss Counts II and III, the fraudulent concealment and civil conspiracy claims found in the Complaint. Specifically, defendants asserted that Count II, the Kuipers' fraudulent concealment claim, should be dismissed for failure to plead fraud with particularity, and

that Count III, the Kuipers' civil conspiracy claim, should be dismissed because it is based entirely on the fraudulent concealment claim. The court granted defendants' motions to dismiss and dismissed both Counts II and III of the Complaint. After dismissing Counts II and III of the Complaint, the court *sua sponte* dismissed defendants FEMA and TRG because those defendants were named only in Counts II and III.[1]

The three remaining defendants to this litigation, FONA, Givaudan, and Sensient have each either filed a motion for summary judgment, and/or joined another defendant's motion for summary judgment (#121, #136, and #137). Defendant Givaudan has also filed a motion for partial summary judgment related solely to plaintiffs' claim for punitive damages (#139). In their motions for summary judgment, defendants each assert that plaintiffs' claims are barred by Iowa's statute of limitations. Defendants Sensient and FONA also each assert that plaintiffs cannot establish that their injuries were proximately caused by a product that was manufactured or supplied by them. In its motion for partial summary judgment, defendant Givaudan asserts that plaintiffs cannot meet the threshold showing of willful and wanton disregard for the safety of another necessary under Iowa law to award punitive damages against it. Plaintiffs have resisted each of defendants' respective motions.

## II. LEGAL ANALYSIS

Because the trial date for this matter now presses, and the court wishes to apprise the parties of the disposition of defendants' motions for summary judgment and partial summary judgment so that they may continue their pretrial preparations, the circumstances necessitate that a "summary" summary judgment ruling must suffice.

---

[1] Defendant IFF settled with plaintiffs and was dismissed from this case.

2

As this court has often explained, applying the standards of Rule 56 of the Federal Rules of Civil Procedure, the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir. 1990). The parties are to be complimented on their thorough and exhaustive briefing of the issues involved in this litigation. Upon careful review of the record, however, the court is compelled to conclude that genuine issues of material fact preclude summary judgment in defendants' favor on any of the issues or claims on which defendants seek such judgment.

Therefore, defendants' motions for summary judgement and partial summary judgment are each **denied**.

**IT IS SO ORDERED.**

**DATED** this 25th day of October, 2007.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

3