# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RONALD KUIPER and CONLEY KUIPER,<br><br>    Plaintiffs,<br><br>vs.<br><br>GIVAUDAN FLAVORS CORP.,<br><br>    Defendant. | No. C 06-4009-MWB<br><br>**VERDICT FORM** |

On the Kuipers' claims and Givaudan's defenses in this action, we, the Jury, find as follows:

| I. THE KUIPERS' CLAIMS | | |
|---|---|---|
| **Step 1: Verdicts** | | |
| On each of the Kuipers' claims, in whose favor do you find? | | |
| (a) The claim of "defective design," as explained in Instruction No. 8 | _X_ The Kuipers | ___ Givaudan |
| (b) The claim of "failure to warn," as explained in Instruction No. 9 | _X_ The Kuipers | ___ Givaudan |
| (c) The claim of "failure to test," as explained in Instruction No. 10 | _X_ The Kuipers | ___ Givaudan |
| (d) Conley Kuiper's claim of "loss of spousal consortium," as explained in Instruction No. 11 (*Remember that you cannot find in favor of the Kuipers on this claim unless you have found in their favor on one or more of the claims in Steps 1(a), (b), and (c).*) | _X_ The Kuipers | ___ Givaudan |

1

| Step 2: Compensatory Damages | |
|---|---|
| (a) *If you found for the Kuipers on one or more of the claims identified in Steps 1(a), (b), and (c),* what amount of damages, if any, do you find for each of the following items of compensatory damages, as compensatory damages are explained in Instruction No. 13? | |
| Past medical expenses | $ 50,000.00 |
| Future medical expenses (reduced to present value) | $ 500,000.00 |
| Past loss of function of the mind and body | $ 750,000.00 |
| Future loss of function of the mind and body (reduced to present value) | $ 2,000,000.00 |
| Past pain and suffering | $ 750,000.00 |
| Future pain and suffering (reduced to present value) | $ 2,000,000.00 |
| (b) *If you found for Conley Kuiper on her "loss of spousal consortium" claim in Step 1(d),* what amount of compensatory damages, if any, do you award for "loss of spousal consortium," as such compensatory damages are explained in Instruction No. 13? | |
| The reasonable value of past loss of spousal consortium | $ 500,000.00 |
| The reasonable value of future loss of spousal consortium (reduced to present value) | $ 1,000,000.00 |
| **Step 3: Punitive Damages** | |
| *If you found for the Kuipers on one or more of the claims identified in Steps 1(a), (b), and (c),* what amount, if any, do you award as punitive damages on each such claim, as punitive damages are explained in Instruction No. 14? (*You cannot award punitive damages on Conley Kuiper's "loss of spousal consortium" claim, even if she prevailed on that claim, because there is no additional wrongful conduct of Givaudan to punish in that claim. If you enter an amount of punitive damages on a claim, please indicate whether the conduct of Givaudan at issue in that claim was directed specifically at plaintiff Ronald Kuiper. You need not be concerned with the effect of your determination on this question, because the effect of your determination on this question is for me to decide.*) | |
| (a) The claim of "defective design," as explained in Instruction No. 8. Was the conduct at issue in this claim directed specifically at plaintiff Ronald Kuiper? ___ Yes or ___ No | $ 0 |
| (b) The claim of "failure to warn," as explained in Instruction No. 9. Was the conduct at issue in this claim directed specifically at plaintiff Ronald Kuiper? ___ Yes or ___ No | $ 0 |
| (c) The claim of "failure to test," as explained in Instruction No. 10. Was the conduct at issue in this claim directed specifically at plaintiff Ronald Kuiper? ___ Yes or ___ No | $ 0 |

| II. GIVAUDAN'S DEFENSES ||
|---|---|
| **Step 1: Untimeliness** ||
| Has Givaudan proved by the greater weight of the evidence that the Kuipers' claims "accrued" before January 30, 2004, as Givaudan's "untimeliness" defense is explained in Instruction No. 16? | ___ Yes<br>X No |
| **Step 2: State Of The Art** ||
| Has Givaudan proved by the greater weight of the evidence that Givaudan's butter flavorings containing diacetyl were "state of the art," as Givaudan's "state of the art" defense is explained in Instruction No. 17? | ___ Yes<br>X No |
| **Step 3: Sophisticated User** ||
| Has Givaudan proved by the greater weight of the evidence that Ronald Kuiper's employer, American Pop Corn Company, was a "sophisticated user" of butter flavorings and, therefore, was responsible for providing warnings about safe usage of such products to its employees, such as Ronald Kuiper, as Givaudan's "sophisticated user" defense is explained in Instruction No. 18? | ___ Yes<br>X No |
| **Step 4: Comparative Fault** ||
| **(a) Fault of the Plaintiff:** ||
| **(i)** Has Givaudan proved by the greater weight of the evidence that plaintiff Ronald Kuiper was at fault, as "comparative fault of the plaintiff" is explained in Instruction No. 20? *(If you answer "yes," indicate in (ii) below which one or more kinds of fault of plaintiff Ronald Kuiper Givaudan has proved and indicate in (iii) the percentage of the total fault that you assign to plaintiff Ronald Kuiper.)* | ___ Yes<br>X No |
| **(ii)** Kind(s) of fault: ||
| _____ Unreasonable assumption of the risk ||
| _____ Unreasonable failure to avoid injury ||
| _____ Unreasonable failure to mitigate damages ||
| **(iii)** Percentage of total fault that you assign to plaintiff Ronald Kuiper. *(Remember that if you assign Ronald Kuiper more than 50% of the total fault, then I will bar the Kuipers from recovering any of the damages that you have awarded, and if you assign Ronald Kuiper 50% or less of the total fault, then I will reduce the total of any damages that you have awarded by the percentage of Ronald Kuiper's fault.)* | ○ % |

| (b) Fault of Released Parties: | |
|---|---|
| (i) Has Givaudan proved by the greater weight of the evidence that one or more "Released Parties" were at fault for Ronald Kuiper's injuries for failing to warn of the hazardous health effects of butter flavorings containing diacetyl that they provided to American Pop Corn Company and to which Ronald Kuiper was exposed, as "comparative fault of Released Parties" is explained in Instruction No. 21? *(If you answer "yes," indicate in (ii) below which one or more of the "Released Parties" Givaudan has proved was at fault for plaintiff Ronald Kuiper's injuries and indicate in (iii) the percentage of the total fault that you assign to each such "Released Party.")* | ___ Yes<br><br>_X_ No |
| (ii) "Released Party or Parties" at fault and (iii) their percentage of fault | |
| _____ Flavors of North America, Inc. (FONA) | % |
| _____ International Flavors & Fragrances, Inc. (IFF) | % |
| _____ Sensient Flavors, Inc. (Sensient) | % |
| **(c) Fault of Givaudan:** | |
| If you found for the Kuipers on one or more of their claims against Givaudan for "defective design," "failure to warn," and "failure to test," what percentage of the total fault for Ronald Kuiper's injuries do you assign to Givaudan? | 100 % |
| **(d) Total of percentages of fault assigned (Must equal 100%)** *(Please total the percentages of fault you entered in Step 4(a)(iii) (plaintiff's fault), (b)(iii) (fault of Released Parties), and (c) (Givaudan's fault). The total must equal 100%.)* | 100 % |

Date: 3/12/09    Time: 9:05 A.M.

/s/ Juror                               /s/ Juror