# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RONALD AND CONLEY KUIPER,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GIVAUDAN, INC.,<br><br>　　　　Defendant. | No. C06-4009-MWB<br><br>ORDER REGARDING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION TO ALTER OR AMEND JUDGMENT |

Plaintiffs Ronald Kuiper and Conley Kuiper brought this lawsuit against defendant Givaudan, Inc. ("Givaudan") alleging that Ronald Kuiper developed a respiratory disease, bronchiolitis obliterans, as a result of his exposure to butter flavorings while he was employed at the American Pop Corn Company plant in Sioux City, Iowa. A jury trial in this case began on February 18, 2009. On March 12, 2009, following a three week trial and six days of deliberation, the jury returned a verdict in the Kuipers' favor on their claims for negligence, loss of consortium, and medical expenses totaling $7,550,000.[1] On this same date, judgment was entered in favor of Ronald Kuiper in the amount of $6,050,000 and in favor of Conley Kuiper in the amount of $1,500,000. Defendant Givaudan has since filed its Renewed Motion For Judgment as a Matter of Law Pursuant to Rule 50(b) (Dkt. No. 389) as well as its Motion To Alter or Amend Judgment Pursuant

---

[1] In addition to Givaudan, the Kuipers also named as defendants International Flavors & Fragrances, Inc., Flavors of North America, Inc., Sensient Flavors, Inc., the Flavor and Extract Manufacturers Association of the United States, and the Roberts Group, L.L.C. These defendants were all dismissed from the case prior to trial.

to Rule 59(e) of the Federal Rule of Civil Procedure (Dkt. No. 390). In its Renewed Motion For Judgment as a Matter of Law Pursuant to Rule 50(b), defendant Givaudan seeks judgment as a matter of law on all of the Kuipers' claims. In its Motion To Alter or Amend Judgment, defendant Givaudan requests that the court amend the judgment previously entered to reflect the death of Ronald Kuiper on March 11, 2009.

In denying defendant Givaudan's original motion for judgment as a matter of law on March 3, 2009, the court observed that it found such a motion "inconceivable" given the evidence introduced at trial. The passage of time has not made defendant Givaudan's Renewed Motion For Judgment as a Matter of Law any more conceivable. Substantial and convincing evidence sufficient for a reasonable jury to have found for the Kuipers on their claims supports each aspect of the jury's verdict. As a result, the court finds that defendant Givaudan has not established that it is entitled to judgment as a matter of law on any of the grounds asserted in its motion. Accordingly, defendant Givaudan's Renewed Motion For Judgment as a Matter of Law Pursuant to Rule 50(b) is denied.

As was previously mentioned, defendant Givaudan's Motion To Alter or Amend Judgment is grounded on Ronald Kuiper's death on March 11, 2009, the day before the jury returned its verdict in this case. Defendant Givaudan argues that because of Ronald's death, the court "included in the judgment damages that are not available to a decedent's estate and entered damages that could not be collected by any proper party in interest in the case." Givaudan's Brief at 1. The judgment in this case was based on the evidence presented to the jury at trial. Ronald Kuiper was alive at the commencement of the trial and was alive at the time it was fully submitted to the jury. Thus, Ronald Kuiper was a proper party in interest at the time of submission. Although he died before the jury rendered its verdict, Iowa Code § 611.20 provides that "[a]ll causes of action survive and may be brought notwithstanding the death of the person entitled or liable to the same."

IOWA CODE § 611.20; *see Berenger v. Frink*, 314 N.W.2d 388, 390 (Iowa 1982). Moreover, Federal Rule of Civil Procedure 25(a)(1) permits Ronald Kuiper's representative 90 days "after service of a statement noting the death" in which to seek substitution as the proper party. *See Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008); *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2nd Cir. 1998); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). That time period has not yet run. Accordingly, defendant Givaudan has not established a basis for amending or altering the judgment. Therefore, defendant Givaudan's Motion To Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rule of Civil Procedure (Dkt. No. 390) is denied, as is defendant Givaudan's Renewed Motion For Judgment as a Matter of Law Pursuant to Rule 50(b) (Dkt. #389).

**IT IS SO ORDERED.**

**DATED** this 20th day of May, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA